IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

C. WAYNE MORGAN, *et al.*,            )
                                       )
    Petitioner,                         )
                                       )
v.                                     )   Civil Action No. 3:24-cv-544-HEH
                                       )
JOE BIDEN,                             )
                                       )
    Respondent.                         )

# MEMORANDUM OPINION
### (Dismissing Action)

C. Wayne Morgan ("Petitioner"),[1] who is not seeking relief for himself, is not in custody, and lives in Indiana, filed a "Motion for Directed Verdict or Judgment as a Matter of Law" (the "Motion," ECF No. 1.). Petitioner indicates that he is bringing this action on behalf of several individuals who signed the Motion. (*Id.* at 6.) It is unclear what action Petitioner seeks or under what procedural vehicle he brings the action. It is also not clear where any of the individuals who signed the Motion are in custody or where they reside because none provided addresses. Despite his suggestion to the contrary, Petitioner may not litigate this matter on any other person's behalf.

Parties may plead and conduct their own cases personally or by counsel in all courts of the United States. *See* 28 U.S.C. § 1654. Individuals who are not licensed

---

[1] Petitioner is the father of an Oklahoma state inmate who is serving a life sentence. *See Morgan v. Biden*, No. 24-00299 (UNA), 2024 WL 1344425, at *1 (D.D.C. Mar. 19, 2024). Petitioner has attempted to litigate a number of habeas actions in courts across the country on behalf of his son. *See id.*

attorneys may not represent third parties because such representation constitutes the unauthorized practice of law. Rules of Supreme Court of Virginia, Pt. 6, § I; *see DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341–42 (W.D.N.Y. 2004); *Kone v. Wilson*, 630 S.E.2d 744, 745–46 (Va. 2006). Petitioner may not bring this action on behalf of any other person, even if they signed the Motion. Accordingly, the Petitioner's Motion will be denied.

If the individuals who signed the document wish to pursue the action, they must personally file their own petition in the court where they were convicted and sentenced or in the court where they are currently detained. *See* 28 U.S.C. §§ 2254–55.

An appropriate order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: August 15, 2024
Richmond, Virginia